PER CURIAM.
Thomas P. Rahaim appeals a nonfinal order granting the City of Jacksonville a temporary injunction enjoining him from obstructing a natural drainageway. Ra-haim argues (1) that section 614.116(a), Ordinance Code of the City of Jacksonville, is unconstitutionally vague and ambiguous; and (2) that the city failed to prove a violation of section 614.116(a) because it did not offer any evidence that the notice of the obstruction was from or at the direction of the director of public works.
Section 614.116(a), Ordinance Code of the City of Jacksonville, provides:
[I]n the absence of a permit issued by the Director of Public Works, it shall be unlawful for an owner ... of real property within the City to construct, allow or permit an obstruction to the flow of water, including logs, landfills, dams, partial dams, leaves, trash, building materials and garbage, to remain in a natural or artificial waterway or drainageway or their adjacent floodplains on the property for more than ten days after having received actual or constructive notice of the existence of the obstruction upon the property by certified mail or personal service from or at the direction of the Director of Public Works.
(Emphasis added). The notice of violation received by Rahaim was signed by Marvin Boutwell, a city engineer. There is no evidence in the record, nor was evidence presented at the hearing, that this notice was given by or at the direction of the director of public works or that this duty had been lawfully delegated to the city engineer. Since the notice given Rahaim did not comply with the requirements of the code, the city failed to prove an essential element of its cause of action. Therefore, the order is reversed.
*1324 We find it unnecessary to reach appellant’s constitutional argument.
The city contends for the first time on appeal that even if the ordinance is unconstitutional or that proper notice of violation of the ordinance was not given, nevertheless the temporary injunction can be supported “as based upon the creation and maintenance by RAHAIM of a public nuisance.” No allegation appears in the pleadings before the trial court at the preliminary hearing raising this issue. Rather, the city relies entirely on provisions of rule 1.190(b), Florida Rules of Civil Procedure, that “when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” But the city points only to testimony of property owners regarding effects of the flooding on their properties as a basis for implying such consent. Since that evidence was admissible as relevant proof of the violation of the ordinance and need for immediate injunctive relief, it is not appropriate to imply therefrom a consent to try other issues not pleaded. An appellate court is especially precluded from doing so where the trial court has neither been moved to amend the issues under the cited rule nor otherwise ruled that such unpleaded issues were tried by implication.
REVERSED.
SHIVERS and ZEHMER, JJ., concur.
SMITH, J., dissents with written opinion.